

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-19-00337-CR & 04-19-00338-CR

Ronald Edward **COUNTY**, a.k.a. Ronald Wilson,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2016CR6020 & 2018CR1609
Honorable Kevin M. O'Connell, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:     Rebeca C. Martinez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: May 6, 2020

AFFIRMED; MOTION TO WITHDRAW GRANTED

In these consolidated appeals, Ronald Edward County, a.k.a. Ronald Wilson, challenges a judgment revoking his community supervision and a judgment adjudicating him guilty. Because we conclude these appeals are frivolous and without merit, we affirm the judgments and grant counsel's motion to withdraw.

On January 9, 2017, County, pursuant to a plea-bargain agreement, pleaded nolo contendere to the offense of possession of a firearm by a felon in trial court cause number 2016CR6020. The trial court assessed punishment at five years' imprisonment and a $1500.00

fine; however, the trial court suspended the sentence and placed County on community supervision for five years.

On August 13, 2018, pursuant to a plea-bargain agreement, County pleaded nolo contendere to the offense of assault with a deadly weapon in trial court cause number 2018CR1609. The trial court assessed punishment at five years' deferred adjudication community supervision and a $1500.00 fine.

On January 11, 2019, the State filed a motion to revoke County's community supervision in trial court cause number 2016CR6020 and a motion to enter an adjudication of guilt and revoke community supervision in trial court cause number 2018CR1609. In these motions, the State alleged that County had violated Condition Nos. 1 and 10 of the terms and conditions of his community supervision.[1] At a subsequent hearing, County pleaded "not true" to violating Condition No. 1 and "true" to violating Condition No. 10. The State presented evidence in support of its allegation that County had violated Condition No. 1. At the end of the hearing, the trial court revoked County's community supervision and sentenced him to five years' imprisonment in trial court cause number 2016CR6020, and adjudicated County guilty and sentenced him to twelve years' imprisonment in trial court cause number 2018CR1609. The trial court ordered County's sentences to run concurrently. County appealed.

County's court-appointed appellate counsel has filed a brief stating that he has conducted a professional evaluation of the record in each cause number and has determined there are no arguable grounds to be advanced on County's behalf. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief contains citations to the records and the applicable law and includes legal analysis. We conclude counsel's brief meets the requirements of *Anders*. *Id*. at 744-45; *Stafford v.*

---

[1] The State's motion to revoke in trial court cause number 2016CR6020 further alleged that County had violated Condition No. 15. The State waived this allegation at the hearing.

*State*, 813 S.W.2d 503, 509-10, 510 n.3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812-13 (Tex. Crim. App. 1978).

Counsel provided County with his *Anders* brief and his motion to withdraw and informed County of his right to review the records and file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Additionally, counsel provided County with a *pro se* motion for the purpose of requesting a copy of the record in each cause. *See id*.; *Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). We set a deadline for County to file a *pro se* brief. Nevertheless, County did not file a *pro se* brief.

After conducting an independent review of the record in each cause, we conclude these appeals are frivolous and without merit. Therefore, we affirm the trial court's judgments and grant counsel's motion to withdraw.[2] *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Finally, the record in trial court cause number 2016CR6020 contains a certified bill of costs that lists court-appointed attorney fees as zero. The record in trial court cause number 2018CR1609 contains a certified bill of costs that lists court-appointed attorney fees as "TBD" or to be determined. Neither judgment orders County to pay court-appointed attorney's fees. However, "attorney's fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).

---

[2]No substitute counsel will be appointed. Should County wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

The record in cause number 2018CR1609 shows the trial court found County to be indigent and appointed counsel to represent him on appeal. Nothing in the record shows a material change in County's financial circumstances. Absent a showing of a material change in County's financial circumstances, an assessment of court-appointed attorney's fees against County in the bill of costs would be erroneous. *See Byrd v. State*, No. 04-17-00730-CR, 2018 WL 4208824, at *1 (Tex. App.—San Antonio Sept. 5, 2018, no pet.) (not designated for publication). Because the "TBD" reference in the bill of costs indicates that court-appointed attorney fees could be assessed once an amount is determined, we order the trial court clerk to prepare and file a corrected bill of costs reflecting that no court-appointed attorney's fees are assessed against County in trial court cause number 2018CR1609. *See id*. (ordering the trial court clerk to prepare and file a corrected bill of costs when the appellant was indigent and the bill of costs listed the amount of court-appointed attorney's fees as "TBD").

Irene Rios, Justice

Do not publish